967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a
Pennsylvania Corporation, Plaintiff-Appellant,
v.
J.C.I.C., INC., a California corporation; Charles Leader,
d/b/a J.C.I.C., Inc.; Charles Leader, d/b/a J and
C, Defendants-Appellants,
v.
SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corp.;
Insurance Management Corp., a Kansas corporation,
Defendants-Appellees.
 No. 90-55192.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 29, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 JCIC is a California corporation that provided long-haul trucking services to Schneider National Careers ("Schneider"). Schneider required that JCIC make workers' compensation insurance coverage available to its drivers. JCIC contacted Insurance Management Corporation ("IMC") for coverage. IMC placed JCIC's application with American Casualty Company ("American Casualty"). Although the application requested coverage in all states, coverage was excluded in Wisconsin.
 
 
 3
 Subsequently, two JCIC employees were injured in a trucking accident in Wisconsin. American Casualty denied the claims. The California Workers Compensation Board found that one of the injured employees was regularly employed in California, that the employee had sustained injury while in the employ of JCIC and that American Casualty provided compensation insurance coverage to JCIC. It then entered an award against American Casualty and designated American Casualty as the primary carrier with a right of contribution from the state compensation board.
 
 
 4
 After the filing of the California Workers' Compensation action, American Casualty brought an action against JCIC, Schneider and IMC in federal district court. Alleging negligent misrepresentations against Schneider and IMC, American Casualty sought declaratory judgment allocating, between the four entities, the payment of workers' compensation insurance benefits to the injured employees.
 
 
 5
 Schneider and IMC moved for summary judgment on the ground that the stipulations and rulings made in the California Workers' Compensation Board established exclusive jurisdiction in that forum. The motion was scheduled to be heard on July 24, 1989. It was rescheduled for July 31.
 
 
 6
 At the time, plaintiff and defendants were in the midst of conducting settlement negotiations. On July 28, counsel for plaintiff sent a letter to the district court stating that "this case has now been fully settled." Appellees' ER at 92. Counsel for plaintiff also indicated that he would prefer "to hopefully avoid the necessity for all parties to reconvene in Los Angeles on [July 31]." Id.
 
 
 7
 On July 31, counsel for defendants appeared before the district court. Plaintiff's counsel did not appear. Counsel for defendant represented that "counsel for plaintiff in this case has authorized us to advise the court that [the case] has been settled and that the case should be dismissed effective today." Appellant's ER at 2-3. The court indicated it would dismiss the case. Id. at 3.
 
 
 8
 It appears, however, that the district court failed to enter the order dismissing the case. It also appears that the parties never settled. Plaintiff returned to district court and sought to enforce the settlement agreement. Subsequently, plaintiff sought to get a new trial date.
 
 
 9
 The district court held a hearing to determine whether all the parties had intended that the suit be dismissed on July 31. At that hearing, the court found that counsel for plaintiff had indeed authorized counsel for defendants to represent that all parties had agreed to the dismissal of the suit. ER at 76. Accordingly, the district court held that the suit was or ought to have been dismissed on that date. It then denied the request for a trial date. Plaintiff appeals.
 
 
 10
 * Appellees first argue that we lack subject matter jurisdiction because this case was filed in federal court after proceedings had begun before the California Workers' Compensation Board. Although the record is not sufficiently developed on this issue, we hold that we have jurisdiction because at least some of the issues raised in federal court appear, on their face, to have little to do with the issues before the CWCB. The principal issue in federal court--whether appellees engaged in negligent misrepresentation against plaintiff--was not before the CWCB. Because this case comes before us in the procedural posture of an appeal from a dismissal, we cannot say that plaintiff has not asserted any claim under which we would have subject matter jurisdiction.
 
 II
 
 11
 Appellees next argue that we lack jurisdiction to hear an appeal from the order dismissing the case. Under Fed.R.App.P. 4(a), appellant must file a notice of appeal within 30 days after entry of judgment. Appellees contend that this case was dismissed on July 31, 1989 and that appellant's failure to file a notice of appeal within 30 days from that date deprive us of appellate jurisdiction.
 
 
 12
 Appellees' claim is foreclosed by our recent holding in McCalden v California Library Association, 955 F.2d 1214 (9th Cir.1990).[1] In McCalden, we noted that, under Fed.R.App.P. 4(a)(6), "the time for appeal does not start running until a judgment is ... set forth in a separate document and properly entered by the clerk of the court." Id. at 1218. We also said, "our circuit has held the separate-document rule be 'mechanically applied' ..." Id. at 1218 (citations omitted). We then held that the time for appeal does not start running even when a court has given sufficient notice that it has dismissed a case, so long as the separate-document rule has not been complied with. Id.
 
 
 13
 Here, it is unclear whether the district court ever entered a separate document dismissing the case. The earliest document satisfying the "separate document" rule, however, was entered on January 3, 1990. Even if we were to construe the court's January 3, 1990 order as an order dismissing the case, the notice of appeal was timely because it was filed within thirty days from that date. In the alternative, the notice of appeal is timely because, just as in McCalden, the order dismissing the case was never entered as a separate document.[2]
 
 III
 
 14
 Appellant argues that the dismissal was improper. It is undisputed that the district court dismissed the case under Fed.R.Civ.P. 41(a), which governs voluntary dismissals. There is some dispute, however, whether the dismissal was under subsection 1 or 2. Appellant contends that dismissal is improper under either subsection. Although we agree with appellant that dismissal under subsection 1 would have been improper because no written stipulation signed by all parties was filed as required by that subsection, see supra note 1, we disagree that the dismissal was improper under subsection 2.
 
 
 15
 Under subsection 2, an action may be dismissed at the plaintiff's instance upon order of the Court. Appellant argues that it never filed a motion to dismiss the case. Subsection 2, however, does not require that a "motion" be filed. It merely speaks of dismissals upon plaintiff's "instance." Here, counsel for appellant sent the court a letter indicating its intention to have the case dismissed. In any case, on July 31, counsel for appellees represented that he was authorized by counsel for appellant to move the district court to dismiss the case. At a subsequent evidentiary hearing, the district court found that this representation by counsel for appellees was not false. Because the district court's finding that the dismissal was at appellant's instance is not clearly erroneous, we hold that the dismissal under subsection 41(a)(2) was proper.
 
 
 16
 Appellant also argues that the dismissal is improper because the district court failed to enter an order. It appears that the court's failure to enter the order was inadvertent. This does not render the dismissal defective. It merely prevents the time for appeal from running. See section II, supra.
 
 
 17
 Accordingly, we hold that the dismissal was proper.
 
 IV
 
 18
 Appellant argues that the district court abused its discretion when it refused to set a new trial date. Because we uphold the district court's dismissal of the case, we also hold that the district court did not abuse its discretion in refusing to set a new trial date.
 
 
 19
 Appellant also argues that the district court abused its discretion in refusing to hold an evidentiary hearing as to whether the settlement was breached. We hold that the district court did not abuse its discretion. Once the district court determined that the parties had agreed that the case be dismissed on July 31, the district court had no jurisdiction to determine whether the settlement agreement had been breached. Appellant's remedy lies in a new action against appellees.
 
 
 20
 Finally, appellant argues that the district court abused its discretion in issuing an order without sufficient explanation. We disagree with the premise of the argument. The district court gave sufficient explanations for its decision from the bench.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 McCalden is applicable because we construe the dismissal as a Rule 41(a)(2) dismissal, which requires an order of the court. Although there is some dispute whether the case was dismissed under subsection 1, which does not require an order of the court, or under subsection 2, which does, we believe the case could not have been dismissed under subsection 1 because a stipulation of dismissal signed by all parties was never filed with the district court
 
 
 [2]
 It goes, of course, without saying that appellant could have appealed after July 31. "[I]t does not necessarily follow [,however,] that the 30-day time period began to run on that date." McCalden, 955 F.2d at 1218